**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**CASE NO.: 6:23-cv-2447-GAP-LHP**

CHRISTIAN S. GOMEZ
  Plaintiffs,

vs.

CABINET COATING KINGS, LLC
And ALEX CORRAL,

  Defendant.
_____/

## AMENDED COMPLAINT

Plaintiff, CHRISTIAN S. GOMEZ, ("Plaintiff"), by and through the undersigned counsel, and pursuant to Rule 1.040, Florida Rules of Civil Procedure, hereby files this Civil Action against the Defendant, CABINET COATING KINGS and ALEX CORRAL, ("Defendant(s)"), and in support avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff and others similarly situated for damages exceeding $50,000 excluding attorneys' fees and costs pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter "FLSA") to recover unpaid minimum wage and/or overtime compensation, and an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2. This Court has jurisdiction over the Plaintiff's claims pursuant to 29 U.S.C. §216(b).

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of Seminole County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant CABINET COATING KINGS, LLC, is a Florida Profit Corporation having its main place of business in Seminole County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5. Defendant ALEX CORRAL is a corporate officer of and exercised operational control over the activities of Corporate Limited Liability Company Defendant, CABINET COATING KINGS, LLC.

6. Venue is proper in Seminole County because all of the actions that form the basis of this Complaint occurred within Seminole County.

7. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

8. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

9. Plaintiff was employed by Defendant when the business first began its operations in September 2019.

10. Plaintiff's employment included non-exempt duties and characteristics such as wearing a uniform, having a set schedule, and utilizing company-owned vehicles for labor, painting, and client meetings.

11. Plaintiff was supervised daily by Defendant through the owner Alex Corral and directed and controlled daily with specific hours and duties.

12. Plaintiff worked approximately 70 hours per week for Defendants without the payment of overtime compensation.

13. Defendant paid Plaintiff a weekly salary not based on hours worked and Defendant failed to pay Plaintiff overtime pay for any hours in Plaintiff worked in excess of 40 weekly.

14. In October of 2020, Plaintiff had a meeting with the owner of Defendant Alex Corral to discuss the amount of hours Plaintiff was working and Plaintiff requested additional pay for all of his hours including overtime pay and requested the company pay him under a w-2 statement as an employee instead of a 1099 statement as an independent contractor.

15. In October and November 2020, Plaintiff complained about the improper payment of wages and unpaid overtime in person with the owner of Defendant complaining about the huge amount of weekly hours without proper overtime pay.

16. On or about December 1, 2020, Plaintiff had a third meeting with Defendant with its owner Defendant Alex Corral and during this meeting, Plaintiff demanded additional pay for all of his hours including the overtime hours, and demanded that Defendant pay Plaintiff as an employee instead of an independent contractor.

17. On or about December 1, 2020, Defendant Alex Corral for his company informed Plaintiff during the meeting discussing Plaintiff's request for overtime compensation that Defendants would not pay the additional overtime wages and would only agree to pay him the salary each week of $1150 or $1200 a week without overtime pay and Defendant Alex Corral said "you can take your stuff and go home if you don't want it" wherein Defendant terminated Plaintiff's employment with Defendant in retaliation for the requests for overtime pay.

18. The close timing between these complaints regarding the non-payment of overtime and the termination by Defendant for requesting these pay changes proves Plaintiff was fired in retaliation for these complaints.

19. As such, Plaintiff was terminated by Defendants through Alex Corral from his employment with Defendant, Cabinet Coating Kings, LLC in retaliation for Plaintiff's complaints and requests for proper overtime payments as stated above.

## COUNT I
### *Wage & Hour Federal Statutory Violation against*
### *CABINET COATING KINGS, LLC*

20. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 18 of this Complaint as if set out in full herein.

21. This action is brought by Plaintiff to recover from Defendant unpaid overtime wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq.

22. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

23. At all times pertinent to this Complaint, corporate Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

24. Upon information and belief, at all times material hereto, corporate Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that corporate Defendant operated as

part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

25. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

26. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

27. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

28. To the extent that Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments, the statute of limitations for Plaintiff's FLSA claims is equitably tolled. See, e.g., Cruz v. Maypa, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); Yu G. Ke v. Saigon Grill, Inc., 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ([F]ailure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); Kamens v. Summit

Stainless, Inc., 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief against the Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

F. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

G. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
*Wage & Hour Federal Statutory Violation against*
*ALEX CORRAL*

29. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 18 of this Complaint as if set out in full herein.

30. This action is brought by Plaintiff to recover from Defendant unpaid overtime wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq.

31. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

32. At all times pertinent to this Complaint, corporate Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

33. Upon information and belief, at all times material hereto, corporate Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery.  To the extent that corporate Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

34. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business

activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

35. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

36. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

37. To the extent that Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments, the statute of limitations for Plaintiff's FLSA claims is equitably tolled. See, e.g., Cruz v. Maypa, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); Yu G. Ke v. Saigon Grill, Inc., 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ([F]ailure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); Kamens v. Summit Stainless, Inc., 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief against the Defendant:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;
B. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race;

D. Reinstate PLAINTIFF to the same position she held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F. Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. For a money judgment representing prejudgment interest;

H. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

I. Grant PLAINTIFF'S costs of this action, including reasonable attorney's fees;

J. Grant PLAINTIFF a trial by jury;

K. Grant such other and further relief as the Court deems just and proper.

## COUNT III

### *FLSA Retaliation Violation Against Defendants*

38. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 18 of this complaint as if set out in full herein.

39. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

40. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

41. The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaint regarding not being properly paid for all hours worked.

42. The Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendant for all front wages until Plaintiffs become 65 years of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

G. Plaintiff requests a trial by Jury on all claims.

Dated: January 22, 2024                                Respectfully submitted,

*/s/ Jason Remer*
Jason S. Remer, Esq.
Florida Bar No.: 0165580
JRemer@rgph.law

**REMER, GEORGES-PIERRE,
& HOOGERWOERD, PLLC**
2745 Ponce De Leon Blvd
Coral Gables, FL 33134
Telephone: (305) 416-5000
Facsimile: (305) 416-5005
*Counsel for Plaintiff*