**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
Case No.: 6:23-cv-02447-GAP-LHP

CHRISTIAN S. GOMEZ,

     Plaintiff,

v.

CABINET COATING KINGS, LLC and
ALEX CORRAL,

     Defendants.

_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT**
**AND FOR DISMISSAL WITH PREJUDICE**

Plaintiff, CHRISTIAN S. GOMEZ, and Defendants, CABINET COATING

KINGS, LLC and ALEX CORRAL ("Defendant"), by and through undersigned

counsel, hereby file this Joint Motion for Approval of Settlement and for Dismissal

with Prejudice, and jointly request this Court approve the parties' settlement and

dismiss this case with prejudice.

1.     Plaintiff filed the instant action on October 13, 2023, alleging unpaid

wages and retaliation in violation of the Fair Labor Standards Act ("FLSA").

2.     Given the inherent risks and uncertainties of litigation, including the

various defenses raised by Defendants, the Parties have negotiated a fair,

reasonable, and complete settlement of Plaintiff's claims.

3.     The settlement negotiations between the Parties were extensive, and

the settlement was reached after the Parties thoroughly investigated the claims and

defenses raised, and had in-depth conversations about the facts, law, and Plaintiff's alleged damages.

4.    The Court should approve the Parties' agreed-upon resolution because it was achieved in an adversarial context, experienced counsel represents both Parties, and the terms of the Parties' resolution reflects a fair and reasonable compromise over disputed issues. A copy of the Parties' Settlement Agreement is attached hereto as Exhibit "A."

## MEMORANDUM OF LAW

FLSA claims may only be released upon the approval of the Court or the Secretary of Labor. *Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350, 1352-53 (11th Cir. 1982). Courts will approve a settlement if it is a "fair and reasonable resolution of a bona fide dispute over FLSA provision." *Id.* at 1354. Courts look to various factors to determine reasonableness, including "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of [plaintiff's] success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and the substance and amount of opposition to the settlement." *Leverso v. SouthTrust Bank of Al., Nat. Ass'n*, 18 F. 3d 1527, 1531 n.6 (11th Cir. 1994).

Here, the resolution reached by the Parties was negotiated at arm's length by counsel with extensive experience litigating FLSA claims, and did not involve

coercion, collusion, or any undue influence. Instead the agreement was reached voluntarily and after due consideration by all Parties after extensive investigation and litigation, including written discovery. Prior to reaching the settlement, the Parties engaged in written discovery and document production related to the disputed issues of liability and damages and conducted the deposition of Plaintiff. The amount agreed to by the Parties, which Plaintiff acknowledges may be more than what he might recover if he were to prevail at trial, is a fair and reasonable compromise of his claims. As such, the Parties determined that the resolution of this case outweighs the risks and costs for both Parties in going forward with litigation.

The settlement agreement, which resolves all claims and disputes between Plaintiff and Defendants, is the only agreement governing the settlement between the Parties.

## CONCLUSION

Based on the foregoing, the Parties respectfully request the Court enter an order finding the settlement agreement fair and reasonable, approving the settlement agreement, and dismissing this action with prejudice.

Respectfully submitted this 27th day of September, 2024.


ADI AMIT, P.A.
*Attorneys for Defendants*
101 Centre
101 N.E. Third Avenue, Suite 300
Fort Lauderdale, Florida 33301
Phone: (954) 533-5922
E-mail:
Adi@defenderofbusiness.com

By: *s/Aron Smukler*
Aron Smukler, Esquire
Florida Bar No. 0297779
Aron@defenderofbusiness.com

*s/Jason S. Remer*
Jason S. Remer, Esquire
Florida Bar No.: 165580
jremer@rgph.law
Remer, Georges-Pierre & Hoogerwoerd,
PLLC
2745 Ponce De Leon Blvd.
Coral Gables, Florida 33134
Telephone: (305) 416-5000
*Attorneys for Plaintiff*

# Exhibit A

## <u>SETTLEMENT, MUTUAL RELEASE AND CONFIDENTIALITY AGREEMENT</u>

THIS SETTLEMENT, MUTUAL RELEASE AND CONFIDENTIALITY AGREEMENT (the "AGREEMENT") is made by and between CHRISTIAN S. GOMEZ together with his heirs, agents, entities, legal representatives, successors, assigns and attorneys, (also referred herein as "PLAINTIFF"); and between CABINET COATING KINGS, LLC, together with its owners, officers, successors, principals, legal representatives, agents, managers, and attorneys, and ALEX CORRAL, together with his heirs, agents, entities, legal representatives, successors, assigns and attorneys (CABINET COATING KINGS, LLC and ALEX CORRAL, also referred to herein, collectively, as the "DEFENDANTS").

In consideration of mutual promises and covenants contained herein, and other good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, and in order to fully and completely compromise, settle and resolve all existing disputes, disagreements, and controversies, known or unknown, the parties hereby agree as follows:

1. <u>**Terms of Payment**</u>. As consideration for the release of any and all claims that PLAINTIFF may have against the DEFENDANTS as of the date of execution of this AGREEMENT, the DEFENDANTS agree to deliver to Jason S. Remer, Esq., Remer, Georges-Pierre & Hoogerwoerd, PLLC, 2745 Ponce De Leon Blvd., Coral Gables, FL 33134, the total sum of Seven Thousand Five Hundred and 00/100 Dollars ($7,500.00) in payment for all alleged damages, attorneys' fees, and costs made payable to "Remer, Georges-Pierre & Hoogerwoerd, PLLC Trust Account" within thirty (30) days from the date in which the Court enters an order approving the terms of this Settlement Agreement and dismisses the case with prejudice, pursuant to Paragraph 4, below.

Prior to any of the payments herein being issued and sent, and as condition thereof, to Jason S. Remer, Esq. shall provide executed IRS Form W9 for "Remer, Georges-Pierre & Hoogerwoerd, PLLC Trust Account" to adi@defenderofbusiness.com.

From the total sum of Seven Thousand Five Hundred and 00/100 Dollars ($7,500.00), PLAINTIFF shall receive $1,000 for his alleged wage damages, $1,000 for his alleged liquidated damages, and $614 for his alleged retaliation/wrongful termination, and Remer, Georges-Pierre & Hoogerwoerd, PLLC shall receive $3,000 for all attorneys' fees and $1,886 in costs.

PLAINTIFF further represents that he and his legal representatives alone are entitled to the settlement funds received and there are no claims or liens whatsoever made to these funds by any other party, including any claims made by any insurance carrier. In the event that amounts paid to PLAINTIFF pursuant to this AGREEMENT are subject to any claims, liens or subrogated interests, PLAINTIFF agrees to indemnify and hold harmless the DEFENDANTS from and against any and all liability that the DEFENDANTS may sustain as a result of such claims, liens or subrogated interests. PLAINTIFF agrees to the distribution of the settlement proceeds as set forth above.

_____ CHRISTIAN S. GOMEZ

CABINET COATING KINGS, LLC
ALEX CORRAL

A.C. Owner

A.C.

2.    **No-Admission of Liability**. The parties agree that this sum is being paid for alleged violations of the FLSA as alleged in the Complaint, as an amicable resolution of the Parties' dispute, in order to avoid the risks and costs involved in further litigation of this dispute. As such, the DEFENDANTS continue to deny any and all liability to PLAINTIFF and nothing in this AGREEMENT shall be construed as an admission of any wrongdoing by the DEFENDANTS.

3.    **Mutual General Release**. PLAINTIFF and the DEFENDANTS agree to fully release each other from any and all claims that they may have against each other from the beginning of time until the date of this agreement, whether known or unknown, suspected or unsuspected, which they now own or hold, and to waive any right to recover in any action which may be brought on their behalf by any person or entity, including any governmental agency such as the U.S. Department of Labor, U.S. Equal Employment Opportunity Commission, The Florida Commission on Human Relations or the Department of Labor (the named agencies are meant to be illustrative rather than all-inclusive), including but not limited to any violations of:

- The FLSA;
- Title VII of the Civil Rights Act of 1964, as amended;
- The Civil Rights Act of 1991;
- Sections 1981 through 1988 of Title 42 of the United States Code. as amended;
- The Employee Retirement Income Security Act of 1974, as amended;
- The Family and Medical Leave Act of 1993, as amended;
- The Immigration Reform and Control Act, as amended;
- The Equal Pay Act, as amended;
- The Age Discrimination in Employment Act; as amended;
- The Americans with Disabilities Act, as amended;
- The Workers Adjustment and Retraining Notification Act, as amended;
- The Occupational Safety and Health Act, as amended;
- The Sarbanes-Oxley Act of 2002;
- The Florida Civil Rights Act – Fla. Stat. §760.01 et seq.;
- The Florida Whistle Blower Act – Fla. Stat. §448.101 et seq.;
- Florida Wage Payment Laws;
- Florida Workers' Compensation Retaliation Statute, Fla. Stat. Section 440.205;
- Any and all claims based upon tort, personal injury, or common law;
- Any and all claims based upon public policy, contract (both expressed and implied);
- Any and all claims for wrongful discharge, unpaid wages, back wages, future wage loss, employee benefits, bonuses, stock options;
- Any other federal, state or local statute, regulation or ordinance;
- Any and all claims for punitive or liquidated damages; and,
- Any claim for costs, fees, or other expenses including attorneys' fees incurred in these matters.

_____ CHRISTIAN S. GOMEZ

CABINET COATING KINGS, LLC

A.C.Owner

ALEX CORRAL A.C.

- Any and all claims, including all attorney's fees and costs, related in any manner to PLAINTIFF's association, employment, or relationship with the DEFENDANTS

4.     **Voluntary Dismissal of The Lawsuit**.  The parties hereto agree that, upon the execution of this Settlement Agreement by all Parties, counsel for the Plaintiff shall deliver a motion for court approval pursuant to the requirements of *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982) and for dismissal *with prejudice* of the following action, with each party bearing his/hers/its own costs and fees: in the Middle District of Florida, Case No. 6:23-cv-02447-GAP-LHP, case styled: <u>*Christian S. Gomez v. Cabinet Coating Kings, LLC and Alex Corral*</u>.

5.     **Confidentiality**.  It is understood and agreed that the existence, terms, conditions and monetary amount of this AGREEMENT, specifically including, but not limited to, the fact that there has been a settlement, are confidential and that PLAINTIFF and his legal representatives shall not disclose, publicize, discuss, publish or disseminate the existence, terms, conditions or monetary amount of this AGREEMENT or the existence, terms, conditions or monetary amount of the settlement of PLAINTIFF'S claims from the time the settlement was agreed upon forward.  In the event any other person or entity asks PLAINTIFF about the lawsuit or about any of the disputes relating to PLAINTIFF'S association or employment with the DEFENDANTS, PLAINTIFF shall respond only that the matter was amicably resolved and shall provide no further information. Further, PLAINTIFF agrees not to disclose to any other person or otherwise use any information contained in any of the documents or information they have obtained from the DEFENDANTS.

The DEFENDANTS agree that the existence, terms, conditions and monetary amount of this AGREEMENT, specifically including, but not limited to, the fact that there has been a settlement, are confidential and that the DEFENDANTS and their legal representatives shall not disclose, publicize, discuss, publish or disseminate the existence, terms, conditions or monetary amount of this AGREEMENT or the existence, terms, conditions or monetary amount of the settlement of PLAINTIFF's claims, or the existence of a dispute, from the time the settlement was agreed upon forward.  In the event any other person or entity asks the DEFENDANTS about the lawsuit or about any of the disputes relating to PLAINTIFF's association with or employment with the DEFENDANTS, they shall respond only that the matter was amicably resolved and shall provide no further information.

This confidentiality requirement <u>does not</u> preclude PLAINTIFF or the DEFENDANTS from disclosing the existence, terms, conditions and monetary amount of this AGREEMENT: a) for approval by the Court of the terns pursuant to the requirements of *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982); b) to their lawful spouse, legal representatives, accountants, insurers and tax preparers; c) to Government officials upon request or pursuant to subpoena, in response to a Court order, or when required for court approval; or d) for enforcement of agreement.   In the event disclosure is required to a spouse, legal representative, accountant, or tax preparer, it shall be the parties' responsibility to advise said

_____ CHRISTIAN S. GOMEZ                    CABINET COATING KINGS, LLC **A.C. Owner**
                                             ALEX CORRAL **A.C.**

3 of 6

individual(s) of the confidential nature of this AGREEMENT and to secure from such individual his or his assent to be bound by this confidentiality agreement not to disclose, publicize or discuss this AGREEMENT or any of their terms with anyone else. In the event disclosure is required to government officials upon request or pursuant to subpoena, in response to a Court order, PLAINTIFF and the DEFENDANTS shall provide notice to the other Parties within three (3) days of such requests, to permit the assertion of what rights are available to them.

6.    **Non-Disparagement**.   PLAINTIFF agrees not to make any disparaging or negative remarks concerning the DEFNEDANTS. DEFENDANTS agree not to make any disparaging or negative remarks concerning PLAINTIFF.

7.    **No Right of Future Employment or Association**.  PLAINTIFF agrees that he declines any employment or working association with the DEFENDANTS and/or any other entity related to, associated with, or affiliated with the DEFENDANTS and shall not, at any time in the future, seek or accept employment, association, or any working relationship with the DEFENDANTS, whether as employee or independent contractors, and that any application made by PLAINTIFF may be rejected without liability to the DEFENDANTS.

8.    **Neutral References**:    Defendants shall only provide neutral employment references, limited to providing only dates of employment and position held.

9.    **Breach or Violation of Agreement**: It is further understood and agreed that if, at any time, a material violation of any term of the AGREEMENT is asserted by any Party hereto, that Party shall be entitled to injunctive relief, including, but not limited to a temporary restraining order and/or a preliminary or permanent injunction to restrain or enjoin any violation or threatened violation of this AGREEMENT.  Injunctive relief shall be in addition to, and not in lieu of, any other remedy that may be sought.

Further, in the event the DEFENDANTS fail to make any timely payment pursuant to this agreement, Plaintiff's counsel shall give written notice of breach via email to Adi Amit, Esq. at. The DEFENDANTS shall have 5 calendar days to cure said breach.

In any action to enforce the terms of this AGREEMENT, or any provision thereof, the prevailing party shall be entitled to recover his/its/their attorneys' fees and costs.

10.    **Application of the laws of the State of Florida**.  This AGREEMENT and the application or interpretation thereof, shall be governed exclusively by their terms and by the laws of the State of Florida. The parties agree that jurisdiction over this matter shall be in a court of competent jurisdiction in the County of Miami-Dade.

11.    **Entire Agreement**.  This AGREEMENT represents the entire agreement and understanding between the parties and supersedes all prior negotiations, understandings, representations (if any), and agreements made by and between the parties.


_____ CHRISTIAN S. GOMEZ                CABINET COATING KINGS, LLC 
                                         ALEX CORRA

12.    **Construction**.  This AGREEMENT has been jointly negotiated.  The language of this AGREEMENT shall be construed as a whole according to its fair meaning and not strictly for or against any Party. Each Party specifically waives the application of the common law doctrine that agreements are to be construed against the Party who drafted the AGREEMENT.

13.    **Enforceability**.  If any term or condition of this AGREEMENT shall be declared to be illegal, invalid or unenforceable to any extent or in any application, then the remainder of this AGREEMENT and such term or condition except to such extent or in such application, shall not be affected hereby and each and every term and condition of this AGREEMENT shall be valid and enforced to the fullest extent and the broadest application permitted by law.  Any future tax consequences that may arise shall not provide a basis to set aside, or in any way alter, this AGREEMENT.

14.    **Merger Clause**. This AGREEMENT constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter.  No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

15.    **Modification**. This AGREEMENT may not be modified, supplemented or waived orally, but only by a writing signed by the party as to whom the enforcement of such modification, supplement or waiver is sought and making specific reference to this AGREEMENT.

16.    **Severability.** In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

17.    **Binding Effect**.  All of the terms of this AGREEMENT shall be binding upon, and inure to the benefit of and be enforceable by, the parties and their personal or legal representatives, heirs, successors, beneficiaries and permitted assigns.

18.    **Agreement Not to Be Used as Evidence**.  This AGREEMENT shall not be admissible as evidence in any proceeding except one in which a party to this AGREEMENT seeks to enforce this AGREEMENT, and this AGREEMENT has been breached or seeks contribution for amounts paid under this AGREEMENT or one in which a court or administrative agency of competent jurisdiction orders a party to produce this AGREEMENT.

19.    **Signatures in Counterparts**.   This AGREEMENT may be executed in counterparts, and each counterpart, when executed, shall have the efficacy of a signed original.  However, such counterparts shall together constitute one and the same document. A copy or .pdf version of this AGREEMENT or any counterpart shall be considered the same as an original for all purposes.

_____ CHRISTIAN S. GOMEZ                    CABINET COATING KINGS, LLC,
                                                   ALEX CORRAL

A.C. Owner
A.C.

20.     **Legal Advice**.  Prior to signing this AGREEMENT, all signatory Parties had the opportunity to have this AGREEMENT reviewed by legal counsel of their choice and to consult with their attorneys regarding its content and the terms of this AGREEMENT.

IN WITNESS WHEREOF, the parties have executed this Settlement, Mutual Release and Confidentiality Agreement the day and year written.

Date: _____

CHRISTIAN S. GOMEZ

Date: _9/26/24_____

Owner

CABINET COATING KINGS, LLC
By:
As its:

Date: _9/26/24_____

ALEX CORRAL

_____ CHRISTIAN S. GOMEZ

CABINET COATING KINGS, LLC   A.C. Owner
ALEX CORRAL   A.C.

## SETTLEMENT, MUTUAL RELEASE AND CONFIDENTIALITY AGREEMENT

THIS SETTLEMENT, MUTUAL RELEASE AND CONFIDENTIALITY AGREEMENT (the "AGREEMENT") is made by and between CHRISTIAN S. GOMEZ together with his heirs, agents, entities, legal representatives, successors, assigns and attorneys, (also referred herein as "PLAINTIFF"); and between CABINET COATING KINGS, LLC, together with its owners, officers, successors, principals, legal representatives, agents, managers, and attorneys, and ALEX CORRAL, together with his heirs, agents, entities, legal representatives, successors, assigns and attorneys  (CABINET COATING KINGS, LLC and ALEX CORRAL, also referred to herein, collectively, as the "DEFENDANTS").

In consideration of mutual promises and covenants contained herein, and other good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, and in order to fully and completely compromise, settle and resolve all existing disputes, disagreements, and controversies, known or unknown, the parties hereby agree as follows:

1.     **Terms of Payment**.  As consideration for the release of any and all claims that PLAINTIFF may have against the DEFENDANTS as of the date of execution of this AGREEMENT, the DEFENDANTS agree to deliver to **Jason S. Remer, Esq., Remer, Georges-Pierre & Hoogerwoerd, PLLC**, 2745 Ponce De Leon Blvd., Coral Gables, FL 33134, the total sum of Seven Thousand Five Hundred and 00/100 Dollars ($7,500.00) in payment for all alleged damages, attorneys' fees, and costs made payable to "Remer, Georges-Pierre & Hoogerwoerd, PLLC Trust Account" within thirty (30) days from the date in which the Court enters an order approving the terms of this Settlement Agreement and dismisses the case with prejudice, pursuant to Paragraph 4, below.

Prior to any of the payments herein being issued and sent, and as condition thereof, to Jason S. Remer, Esq. shall provide executed IRS Form W9 for "Remer, Georges-Pierre & Hoogerwoerd, PLLC Trust Account" at adi@defenderofbusiness.com.

From the total sum of Seven Thousand Five Hundred and 00/100 Dollars ($7,500.00), PLAINTIFF shall receive $1,000 for his alleged wage damages, $1,000 for his alleged liquidated damages, and $614 for his alleged retaliation/wrongful termination, and Remer, Georges-Pierre & Hoogerwoerd, PLLC shall receive $3,000 for all attorneys' fees and $1,886 in costs.

PLAINTIFF further represents that he and his legal representatives alone are entitled to the settlement funds received and there are no claims or liens whatsoever made to these funds by any other party, including any claims made by any insurance carrier.  In the event that amounts paid to PLAINTIFF pursuant to this AGREEMENT are subject to any claims, liens or subrogated interests, PLAINTIFF agrees to indemnify and hold harmless the DEFENDANTS from and against any and all liability that the DEFENDANTS may sustain as a result of such claims, liens or subrogated interests. PLAINTIFF agrees to the distribution of the settlement proceeds as set forth above.

_C.S._
ID L6PeG7P4MehC8vWL8FUa8DypCHRISTIAN S. GOMEZ                    CABINET COATING KINGS, LLC _____
                                                              ALEX CORRAL _____

2.    **No-Admission of Liability**. The parties agree that this sum is being paid for alleged violations of the FLSA as alleged in the Complaint, as an amicable resolution of the Parties' dispute, in order to avoid the risks and costs involved in further litigation of this dispute. As such, the DEFENDANTS continue to deny any and all liability to PLAINTIFF and nothing in this AGREEMENT shall be construed as an admission of any wrongdoing by the DEFENDANTS.

3.    **Mutual General Release**. PLAINTIFF and the DEFENDANTS agree to fully release each other from any and all claims that they may have against each other from the beginning of time until the date of this agreement, whether known or unknown, suspected or unsuspected, which they now own or hold, and to waive any right to recover in any action which may be brought on their behalf by any person or entity, including any governmental agency such as the U.S. Department of Labor, U.S. Equal Employment Opportunity Commission, The Florida Commission on Human Relations or the Department of Labor (the named agencies are meant to be illustrative rather than all-inclusive), including but not limited to any violations of:

- The FLSA;
- Title VII of the Civil Rights Act of 1964, as amended;
- The Civil Rights Act of 1991;
- Sections 1981 through 1988 of Title 42 of the United States Code, as amended;
- The Employee Retirement Income Security Act of 1974, as amended;
- The Family and Medical Leave Act of 1993, as amended;
- The Immigration Reform and Control Act, as amended;
- The Equal Pay Act, as amended;
- The Age Discrimination in Employment Act; as amended;
- The Americans with Disabilities Act, as amended;
- The Workers Adjustment and Retraining Notification Act, as amended;
- The Occupational Safety and Health Act, as amended;
- The Sarbanes-Oxley Act of 2002;
- The Florida Civil Rights Act – Fla. Stat. §760.01 et seq.;
- The Florida Whistle Blower Act – Fla. Stat. §448.101 et seq.;
- Florida Wage Payment Laws;
- Florida Workers' Compensation Retaliation Statute, Fla. Stat. Section 440.205;
- Any and all claims based upon tort, personal injury, or common law;
- Any and all claims based upon public policy, contract (both expressed and implied);
- Any and all claims for wrongful discharge, unpaid wages, back wages, future wage loss, employee benefits, bonuses, stock options;
- Any other federal, state or local statute, regulation or ordinance;
- Any and all claims for punitive or liquidated damages; and,
- Any claim for costs, fees, or other expenses including attorneys' fees incurred in these matters.

_C. S._
ID L6PeG7P4MehCPvWL8FUa8Dyu

_____ CHRISTIAN S. GOMEZ              CABINET COATING KINGS, LLC _____
                                                          ALEX CORRAL _____

- Any and all claims, including all attorney's fees and costs, related in any manner to PLAINTIFF's association, employment, or relationship with the DEFENDANTS

4.     **Voluntary Dismissal of The Lawsuit**.  The parties hereto agree that, upon the execution of this Settlement Agreement by all Parties, counsel for the Plaintiff shall deliver a motion for court approval pursuant to the requirements of *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982) and for dismissal *with prejudice* of the following action, with each party bearing his/hers/its own costs and fees: in the Middle District of Florida, Case No. 6:23-cv-02447-GAP-LHP, case styled: *Christian S. Gomez v. Cabinet Coating Kings, LLC and Alex Corral*.

5.     **Confidentiality**.  It is understood and agreed that the existence, terms, conditions and monetary amount of this AGREEMENT, specifically including, but not limited to, the fact that there has been a settlement, are confidential and that PLAINTIFF and his legal representatives shall not disclose, publicize, discuss, publish or disseminate the existence, terms, conditions or monetary amount of this AGREEMENT or the existence, terms, conditions or monetary amount of the settlement of PLAINTIFF'S claims from the time the settlement was agreed upon forward.  In the event any other person or entity asks PLAINTIFF about the lawsuit or about any of the disputes relating to PLAINTIFF'S association or employment with the DEFENDANTS, PLAINTIFF shall respond only that the matter was amicably resolved and shall provide no further information. Further, PLAINTIFF agrees not to disclose to any other person or otherwise use any information contained in any of the documents or information they have obtained from the DEFENDANTS.

The DEFENDANTS agree that the existence, terms, conditions and monetary amount of this AGREEMENT, specifically including, but not limited to, the fact that there has been a settlement, are confidential and that the DEFENDANTS and their legal representatives shall not disclose, publicize, discuss, publish or disseminate the existence, terms, conditions or monetary amount of this AGREEMENT or the existence, terms, conditions or monetary amount of the settlement of PLAINTIFF'S claims, or the existence of a dispute, from the time the settlement was agreed upon forward.  In the event any other person or entity asks the DEFENDANTS about the lawsuit or about any of the disputes relating to PLAINTIFF's association with or employment with the DEFENDANTS, they shall respond only that the matter was amicably resolved and shall provide no further information.

This confidentiality requirement does not preclude PLAINTIFF or the DEFENDANTS from disclosing the existence, terms, conditions and monetary amount of this AGREEMENT: a) for approval by the Court of the terms pursuant to the requirements of *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982); b) to their lawful spouse, legal representatives, accountants, insurers and tax preparers; c) to Government officials upon request or pursuant to subpoena, in response to a Court order, or when required for court approval; or d) for enforcement of agreement.  In the event disclosure is required to a spouse, legal representative, accountant, or tax preparer, it shall be the parties' responsibility to advise said

_____ CHRISTIAN S. GOMEZ                    CABINET COATING KINGS, LLC _____
                                                      ALEX CORRAL _____

*C.S.*
ID L8PsG7P4MehCPvWL8FUa5Dy

3 of 6

individual(s) of the confidential nature of this AGREEMENT and to secure from such individual his or his assent to be bound by this confidentiality agreement not to disclose, publicize or discuss this AGREEMENT or any of their terms with anyone else. In the event disclosure is required to government officials upon request or pursuant to subpoena, in response to a Court order, PLAINTIFF and the DEFENDANTS shall provide notice to the other Parties within three (3) days of such requests, to permit the assertion of what rights are available to them.

6.    **Non-Disparagement**.    PLAINTIFF agrees not to make any disparaging or negative remarks concerning the DEFNEDANTS. DEFENDANTS agree not to make any disparaging or negative remarks concerning PLAINTIFF.

7.    **No Right of Future Employment or Association**. PLAINTIFF agrees that he declines any employment or working association with the DEFENDANTS and/or any other entity related to, associated with, or affiliated with the DEFENDANTS and shall not, at any time in the future, seek or accept employment, association, or any working relationship with the DEFENDANTS, whether as employee or independent contractors, and that any application made by PLAINTIFF may be rejected without liability to the DEFENDANTS.

8.    **Neutral References**:    Defendants shall only provide neutral employment references, limited to providing only dates of employment and position held.

9.    **Breach or Violation of Agreement**: It is further understood and agreed that if, at any time, a material violation of any term of the AGREEMENT is asserted by any Party hereto, that Party shall be entitled to injunctive relief, including, but not limited to a temporary restraining order and/or a preliminary or permanent injunction to restrain or enjoin any violation or threatened violation of this AGREEMENT.  Injunctive relief shall be in addition to, and not in lieu of, any other remedy that may be sought.

Further, in the event the DEFENDANTS fail to make any timely payment pursuant to this agreement, Plaintiff's counsel shall give written notice of breach via email to Adi Amit, Esq. at. The DEFENDANTS shall have 5 calendar days to cure said breach.

In any action to enforce the terms of this AGREEMENT, or any provision thereof, the prevailing party shall be entitled to recover his/its/their attorneys' fees and costs.

10.    **Application of the laws of the State of Florida**.  This AGREEMENT and the application or interpretation thereof, shall be governed exclusively by their terms and by the laws of the State of Florida. The parties agree that jurisdiction over this matter shall be in a court of competent jurisdiction in the County of Miami-Dade.

11.    **Entire Agreement**.  This AGREEMENT represents the entire agreement and understanding between the parties and supersedes all prior negotiations, understandings, representations (if any), and agreements made by and between the parties.

C. S.
ID: L9PeG7P4MenCPvWL8FUa8Dyu

_____ CHRISTIAN S. GOMEZ                    CABINET COATING KINGS, LLC _____
                                                        ALEX CORRAL _____

12.  **Construction**.  This AGREEMENT has been jointly negotiated.  The language of this AGREEMENT shall be construed as a whole according to its fair meaning and not strictly for or against any Party. Each Party specifically waives the application of the common law doctrine that agreements are to be construed against the Party who drafted the AGREEMENT.

13.  **Enforceability**.  If any term or condition of this AGREEMENT shall be declared to be illegal, invalid or unenforceable to any extent or in any application, then the remainder of this AGREEMENT and such term or condition except to such extent or in such application, shall not be affected hereby and each and every term and condition of this AGREEMENT shall be valid and enforced to the fullest extent and the broadest application permitted by law.  Any future tax consequences that may arise shall not provide a basis to set aside, or in any way alter, this AGREEMENT.

14.  **Merger Clause**. This AGREEMENT constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

15.  **Modification**. This AGREEMENT may not be modified, supplemented or waived orally, but only by a writing signed by the party as to whom the enforcement of such modification, supplement or waiver is sought and making specific reference to this AGREEMENT.

16.  **Severability.** In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

17.  **Binding Effect**.  All of the terms of this AGREEMENT shall be binding upon, and inure to the benefit of and be enforceable by, the parties and their personal or legal representatives, heirs, successors, beneficiaries and permitted assigns.

18.  **Agreement Not to Be Used as Evidence**.  This AGREEMENT shall not be admissible as evidence in any proceeding except one in which a party to this AGREEMENT seeks to enforce this AGREEMENT, and this AGREEMENT has been breached or seeks contribution for amounts paid under this AGREEMENT or one in which a court or administrative agency of competent jurisdiction orders a party to produce this AGREEMENT.

19.  **Signatures in Counterparts**.  This AGREEMENT may be executed in counterparts, and each counterpart, when executed, shall have the efficacy of a signed original. However, such counterparts shall together constitute one and the same document. A copy or .pdf version of this AGREEMENT or any counterpart shall be considered the same as an original for all purposes.

C.S.
ID L8PeGTP4MahCPvWLSFUa8Dyu

_____ CHRISTIAN S. GOMEZ                    CABINET COATING KINGS, LLC _____
                                                           ALEX CORRAL _____

20.    **Legal Advice**.  Prior to signing this AGREEMENT, all signatory Parties had the opportunity to have this AGREEMENT reviewed by legal counsel of their choice and to consult with their attorneys regarding its content and the terms of this AGREEMENT.

IN WITNESS WHEREOF, the parties have executed this Settlement, Mutual Release and Confidentiality Agreement the day and year written.

Date: 9/26/2024 _____    _CҺᴢᴄᴌ_____

ID L6PeG7P4MehCPvWL8FUa8Dyu

CHRISTIAN S. GOMEZ

Date: _____    _____

CABINET COATING KINGS, LLC
By:
As its:

Date: _____    _____

ALEX CORRAL



ID L6PsG7P4MehCPvWL8FUa8Dyu
_____ CHRISTIAN S. GOMEZ                    CABINET COATING KINGS, LLC _____
                                                                ALEX CORRAL _____

# eSignature Details

---

**Signer ID:**        **L6PeG7P4MehCPvWL8FUa8Dyu**
Signed by:            Christian Sucerquia Gomez
Sent to email:        cristian.gomez0879@outlook.com
IP Address:           67.235.171.244
Signed at:            Sep 26 2024, 10:48 pm EDT