# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

CHRISTIAN S. GOMEZ,

      Plaintiff,

v.                                   Case No:   6:23-cv-2447-GAP-LHP

CABINET COATING KINGS, LLC
and ALEX CORRAL,

      Defendants

---

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   JOINT MOTION FOR APPROVAL OF SETTLEMENT AND FOR DISMISSAL WITH PREJUDICE   (Doc. No. 42)
>
> **FILED:**      September 27, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

Before the Court is the parties' Joint Motion for Approval of Settlement and for Dismissal with Prejudice (Doc. No. 42), which motion has been referred to the undersigned "to determine the legality of the proposed settlement under *Lynn's*

*Food*." Doc. No. 43; *see Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352–54 (11th Cir. 1982). Upon review, there are several issues with the parties' submissions that prevent the undersigned from recommending that the Court approve their settlement agreement.

First, the motion is entirely conclusory about the reasonableness of the proposed settlement and does not adequately address the compromise of Plaintiff's wage claims, which appears to be significant. *Compare* Doc. No. 42, at 6 ¶ 1, *with* Doc. No. 24. Indeed, the motion does not even mention the settlement amounts, nor does it explain an allocation of $614.00 to Plaintiff's retaliation/wrongful termination claim. Doc. No. 42. "In short, the Court must determine for itself whether the settlement is a fair and reasonable resolution of a bona fide dispute, and the parties must provide the Court with the information it needs to make that determination, and not just conclusory representations." *Moschella v. Triple S Plumbing, Inc.*, No. 3:14-cv-1032-J-39JBT, 2016 WL 11578810, at *1 (M.D. Fla. Jan. 20, 2016); *see also O'Reilly v. Home Servs. by Mccue of N. Fla. Inc.*, No. 3:17-cv-592-J-34JBT, 2018 WL 11252168, at *1 (M.D. Fla. Dec. 19, 2018) (denying FLSA settlement where "the parties have not stated what the original amount of Plaintiff's claim was, or sufficiently explained what the disputed issues were, what the compromise was, and why it is reasonable.").

Second, and as noted by the presiding District Judge, *see* Doc. No. 43, as it relates to attorney's fees, the motion does not contain a certification as set forth in *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), and in fact, the motion does not address attorney's fees at all. Doc. No. 42. Generally speaking, in FLSA cases, courts in this District may approve the parties' agreement with respect to attorneys' fees and costs under two circumstances: (1) if counsel certify that the fees and costs were agreed upon separately and without regard to the amount paid to Plaintiff, *see Bonetti*, 715 F. Supp. 2d at 1228; or (2) if the parties provide sufficient evidence for the Court to determine whether the attorney's fees being paid are reasonable and the amount of costs actually incurred. Absent such information, the undersigned cannot recommend that the Court approve the parties' agreement. *See, e.g.*, *Martinez v. Lowe's Home Ctrs., LLC*, No. 6:22-cv-461-RBD-DAB, 2023 WL 3975334, at *3 (M.D. Fla. Mar. 8, 2023) (denying motion for settlement approval on same grounds, and ordering any renewed motion to include necessary information for the Court to conduct lodestar analysis or a *Bonetti* certification).

Third, the settlement agreement contains an extremely broad Mutual General Release, which the parties do not address in the motion. *See* Doc. No. 42, at 7 ¶ 3. "[A] release in an FLSA settlement is generally reasonable so long as it is narrowly-tailored to the wage claims asserted in the complaint." *Monahan v. Rehoboth Hosp.,*

*Inc.*, No. 6:15-cv-1159-Orl-40KRS, 2015 WL 9258244, at *2 (M.D. Fla. Dec. 18, 2015). Here, the release clearly is not. *See* Doc. No. 42, at 7 ¶ 3. Accordingly, absent further explanation and legal authority supporting inclusion of this release provision, the undersigned cannot recommend approval of the parties' agreement. *See Monahan*, 2015 WL 9258244, at *2 ("Plaintiff is required to release without limitation all claims relating to her employment with Defendant, regardless of whether those claims are known or unknown, are related or unrelated to the wages she seeks, or arise directly or indirectly out of her employment. The result is an impermissible windfall to Defendant.").

Fourth, the settlement agreement contains several problematic provisions that go unexplained, to include a confidentiality provision, a non-disparagement provision, and a no-reemployment provision. *See* Doc. No. 42, at 8–9; *see Rosario v. Petland Orlando S., Inc.*, No. 6:21-cv-713-RBD-LRH, 2021 WL 3124456, at *5 (M.D. Fla. July 20, 2021), *report and recommendation adopted*, 2021 WL 3183818 (M.D. Fla. July 23, 2021) ("No-rehire provisions are generally disfavored and viewed as punishing the plaintiff for exercising his or her rights under the FLSA. In some cases, such provisions are approved when the inclusion of the provision is inconsequential, or separate consideration is paid for the provision." (citations omitted)); *Carmichael v. Cosmos Hosp., Inc.*, No. 3:17-cv-576-J-34MCR, 2018 WL 1770652, at *1 (M.D. Fla. Mar. 26, 2018) ("Courts within this circuit routinely reject .

. . confidentiality and non-disparagement clauses contained in FLSA settlement agreements because they thwart Congress's intent to ensure widespread compliance with the FLSA and attempt to limit Plaintiff's rights under the First Amendment."). The parties do not address these provisions in the joint motion, or suggest that Plaintiff will receive any separate consideration therefor, and the undersigned cannot therefore recommend approval of the agreement. *See* Doc. No. 42; *cf. Aponte v. Jugamaxa LLC*, No. 6:19-cv-597-Orl-41GJK, 2020 WL 1277527, at *4 (M.D. Fla. Feb. 28, 2020), *report and recommendation adopted*, 2020 WL 1275468 (M.D. Fla. Mar. 17, 2020) ("No reemployment clauses are permissible in FLSA settlements under certain circumstances. While such a clause may be appropriate, generally an explanation regarding the fairness of this prohibition should appear in the Motion." (citations omitted)); *Yanosik v. Amazulu Transp. Inc.*, No. 2:17-cv-385-FtM-29MRM, 2017 WL 5125884, at *3 (M.D. Fla. Oct. 3, 2017), *report and recommendation adopted*, 2017 WL 5069051 (M.D. Fla. Nov. 3, 2017) ("No mention is made of any additional consideration for entering in the Mutual Non-Disparagement provision. Thus, the Court cannot determine whether any additional consideration or payment was given to Plaintiff to enter into this portion of the Settlement Agreement . . . .").

Finally, the settlement agreement contemplates that it may be modified after court approval. *See* Doc. No. 42, at 10 ¶ 15. The Court cannot find an agreement

to be fair and reasonable unless it is in final form, with no opportunity for amendment. To hold otherwise would leave the parties free to circumvent *Lynn's Food* review through post hoc modifications of an already approved agreement.

Although the settlement agreement contains a severability provision, *see* Doc. No. 42, at 16 ¶ 16, given the lack of explanation regarding the settlement and attorney's fees, as well as the potentially problematic provisions addressed herein, the undersigned declines to rewrite the parties' agreement for them at this time. Accordingly, the Joint Motion for Approval of Settlement and for Dismissal with Prejudice (Doc. No. 42) is **DENIED without prejudice**. The parties shall file a renewed motion within **twenty-one (21) days** of this Order, which must address the issues outlined herein.

**DONE** and **ORDERED** in Orlando, Florida on October 8, 2024.

Leslie Hoffman Price
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties