**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
Case No.: 6:23-cv-02447-GAP-LHP

CHRISTIAN S. GOMEZ,

    Plaintiff,

v.

CABINET COATING KINGS, LLC
and ALEX CORRAL,

    Defendants.
_____/

### JOINT MOTION FOR APPROVAL OF SETTLEMENT
### AND FOR DISMISSAL WITH PREJUDICE

Plaintiff, CHRISTIAN S. GOMEZ, and Defendants, CABINET COATING KINGS, LLC and ALEX CORRAL ("Defendant"), by and through undersigned counsel, hereby file this Joint Motion for Approval of Settlement and for Dismissal with Prejudice, and jointly request this Court approve the parties' settlement and dismiss this case with prejudice.

1. Plaintiff filed the instant action on October 13, 2023, alleging unpaid wages and retaliation in violation of the Fair Labor Standards Act ("FLSA").

2. Given the inherent risks and uncertainties of litigation, including the various defenses raised by Defendants, the Parties have negotiated a fair, reasonable, and complete settlement of Plaintiff's claims.

3. The settlement negotiations between the Parties were extensive, and the settlement was reached after the Parties thoroughly investigated the claims and defenses raised, and had in-depth conversations about the facts, law, and Plaintiff's alleged damages.

4. The Court should approve the Parties' agreed-upon resolution because it was achieved in an adversarial context, experienced counsel represents both Parties, and the terms of the Parties' resolution reflects a fair and reasonable compromise over disputed issues. A copy of the Parties' Settlement Agreement is attached hereto as Exhibit "A."

## **MEMORANDUM OF LAW**

FLSA claims may only be released upon the approval of the Court or the Secretary of Labor. *Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350, 1352-53 (11th Cir. 1982). Courts will approve a settlement if it is a "fair and reasonable resolution of a bona fide dispute over FLSA provision." *Id*. at 1354. Courts look to various factors to determine reasonableness, including "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of [plaintiff's] success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives,

and the substance and amount of opposition to the settlement." *Leverso v. SouthTrust Bank of Al., Nat. Ass'n*, 18 F. 3d 1527, 1531 n.6 (11th Cir. 1994).

Here, the resolution reached by the Parties was negotiated at arm's length by counsel with extensive experience litigating FLSA claims, and did not involve coercion, collusion, or any undue influence. Instead the agreement was reached voluntarily and after due consideration by all Parties after extensive investigation and litigation, including written discovery. Prior to reaching the settlement, the Parties engaged in written discovery and document production related to the disputed issues of liability and damages and conducted the deposition of Plaintiff. The amount agreed to by the Parties, which Plaintiff acknowledges may be more than what he might recover if he were to prevail at trial, is a fair and reasonable compromise of his claims. As such, the Parties determined that the resolution of this case outweighs the risks and costs for both Parties in going forward with litigation.

**Reason for Compromise:**

Plaintiff agreed to comprise a potential claim for unpaid overtime in the amount of $13,717.30 based on important defenses raised by Defendants. Defendant argued that Plaintiff's damages are limited and/or barred by the limitations period allowed by the FLSA – in this case no more than two years or three years (for willful violations) from the date the Complaint was filed, on October 13, 2023. Further, Defendant argued that Plaintiff's argument to extend that limitation period under the

theory of equitable estoppel is not supported by the case law in the Middle District of Florida or the Eleventh Circuit. See, Colson v. Cableview Communs. of Jacksonville, Inc., 2010 U.S. Dist. LEXIS 165348, *7-8 (M.D. Fla. Jan. 20, 2010) (citing Kazanzas v. Walt Disney World Co., 704 F.2d 1527 (11th Cir. 1983)). Defendant also claimed that Plaintiff's claims, to the extent he seeks relief for the year 2019, are barred because Plaintiff was not covered under the FLSA's "enterprise coverage" theory or "individual coverage" theory during that calendar year. Defendant further argued Plaintiff's claims are barred to the extent they rely on time Plaintiff failed to report to his employer as work time. See, e.g., Allen v. Board of Public Education for Bibb County, 495 F.3d 1306, 1319 (11th Cir. 2007) (stating that "[t]here is no violation of the FLSA where the employee performs compensated work but deliberately prevents his or her employer from learning of it."); Carro v. Integrated Tech Grp., LLC, No. 14-23788, 2015 U.S. Dist. LEXIS 148776, at *19 (S.D. Case 6:23-cv-02447-GAP-LHP Document 23 Filed 02/06/24 Page 8 of 10 PageID 117 Fla. Nov. 3, 2015) ("Thus, to the extent Carro, or any of the other Plaintiffs, deliberately and voluntarily under-reported his time, ITG is entitled to summary judgment."). For the reasons, Plaintiff agreed a compromise was necessary as he could have had a defense verdict or minimal amount of weeks available on the claim available to Plaintiff at trial and agreed to accept $1,000 in unpaid overtime and $1,000 in liquidated damages for the FLSA claim.

It is also important to note that early in the case, Defendants served an offer of judgment under Rule 68, which the Plaintiff considered in agreeing to resolve the matter with the terms of the settlement agreement.

Additionally, as to the retaliation claim, Defendant argues Plaintiff's claim for unlawful retaliation fails because he did not suffer from any adverse employment action by the Defendants and Defendants' actions or omissions as alleged by Plaintiff did not rise to the level needed for the heightened standard required for Plaintiff to prove a claim for constructive discharge.  Plaintiff agreed his burden was high to prove retaliation and agreed to resolve the claim.

The Parties agree that the instant action involves disputed issues regarding the Plaintiff's claimed overtime wages. The Parties further agree that settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues, given the discovery conducted in the case and the available evidence. Plaintiff and Defendants, through their respective counsel, discussed the Plaintiff's alleged overtime hours and pay rate, calculation of damages, and formulated their own proposed settlement figures. The Parties then engaged in detailed settlement discussions, based upon their independent calculations. The Parties voluntarily agreed to the terms of their settlement at the conclusion of the negotiations.

**Limited Release of Other Claims:**

The parties' settlement agreement also provides that Defendant will make a separate $614 payment to Plaintiff as additional consideration for Plaintiff's limited release of wage claims and the retaliation claim in the agreement.  Thus, the parties have agreed that as a precautionary measure, Defendant would make an additional $614 payment to Plaintiff as separate consideration for the limited release besides the FLSA claim, which the parties further agree is fair value for Plaintiff's claims. *See*, *e.g.*, *Ramnaraine v. Super Transportation of Florida,* LLC, Case No. 6:15-cv-710-Orl-22GJK (M.D. Fla. Mar. 28, 2016) (recommending approval of an FLSA settlement including a general release where the defendant-employer made a separate $100 payment for the general release as a precautionary measure notwithstanding that the plaintiff agreed he had no other viable claims against the defendant); *Pariente v. CLC Resorts and Developments, Inc.*, No. 6:14-cv-615-Orl-37-TBS, 2014 WL 6389756, at *2 (M.D. Fla. Nov. 14, 2014) (approving $100 in additional consideration of general release); *Middleton v. Sonic Brands L.L.C.*, Case No. 6:13-cv-386-Orl-28KRS, 2013 WL 4854767, at *3 (M.D. Fla. Sept. 10, 2013) (approving FLSA settlement providing $100.00 as separate consideration for a general release).

**Reasonable Attorneys' Fees and Costs:**

The counsel agree and certify that the fees and costs were agreed upon separately and without regard to the amount paid to Plaintiff. The parties further agreed to Plaintiff's reasonable attorneys' fees and costs separately and without regard to the amount paid to Plaintiff. Indeed, the parties have agreed that Plaintiff's attorneys will be paid $3,000 in attorneys' fees, which Plaintiff's attorneys have agreed to accept as full compensation for attorneys' fees in this matter. Plaintiff's counsel has handled FLSA claims for over 23 years and has been awarded $400 hourly with over 10 hours in this case totaling over $4,000 in attorneys' fees and agreed to decrease the fee to resolve this claim. Plaintiff had additional costs spent in the case of $1,886 (Filing Fee $420, Service $190, Deposition Defendant $660, Deposition transcript of Plaintiff $756). Counsel for Plaintiff further stipulates that the amount recovered in attorney's fees and costs is fair and reasonable, and that he accepts the aforesaid sum in full satisfaction of the attorney's fees and costs incurred on the Plaintiff's behalf. The Parties further state that there was no undue influence, overreaching, collusion or intimidation in reaching the settlement agreement.

The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

The settlement agreement, which resolves all claims and disputes between Plaintiff and Defendants, is the only agreement governing the settlement between the Parties.

## CONCLUSION

Based on the foregoing, the Parties respectfully request the Court enter an order finding the settlement agreement fair and reasonable, approving the settlement agreement, and dismissing this action with prejudice.

Respectfully submitted this 28th day of October 2024.

| | |
|---|---|
| ADI AMIT, P.A.<br>*Attorneys for Defendants*<br>101 Centre<br>101 N.E. Third Avenue, Suite 300<br>Fort Lauderdale, Florida 33301<br>Phone: (954) 533-5922<br>E-mail: Adi@defenderofbusiness.com<br><br>By: *s/Adi Amit*<br>Adi Amit, Esquire<br>Florida Bar No. 35257<br>Adi@defenderofbusiness.com | *s/*Jason S. Remer, Esquire<br>Florida Bar No.: 165580<br>jremer@rgph.law<br>Remer, Georges-Pierre & Hoogerwoerd, PLLC<br>2745 Ponce De Leon Blvd.<br>Coral Gables, Florida 33134<br>Telephone: (305) 416-5000<br>*Attorneys for Plaintiff* |