**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CHRISTIAN S. GOMEZ,

    Plaintiff,

v.     Case No:   6:23-cv-2447-GAP-LHP

CABINET COATING KINGS, LLC
and ALEX CORRAL,

    Defendants

---

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND FOR DISMISSAL WITH PREJUDICE (Doc. No. 45)**
>
> **FILED:** October 28, 2024
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I.      BACKGROUND.**

Plaintiff Christian S. Gomez instituted this action against Defendants Cabinet Coating Kings, LLC and Alex Corral by complaint filed in state court. Doc. No. 1-1. On December 21, 2023, Defendants removed the matter to this Court pursuant to 28 U.S.C. §§ 1331, 1441(a), 1446(b). Doc. No. 1. In his operative amended complaint, Plaintiff alleges claims for unpaid overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") (Counts I & II), as well as a retaliation claim under the FLSA (Count III). Doc. No. 20. Defendants answered the amended complaint, the case proceeded in the ordinary course, and Defendants ultimately filed a motion for partial summary judgment, which remains pending. Doc. Nos. 23, 27, 35.

On August 27, 2024, the parties notified the Court that they had reached a settlement on all claims. Doc. No. 40. Pursuant to the Court's directive, Doc. No. 41, on September 27, 2024, the parties filed a joint motion for settlement approval pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Doc. No. 42. The motion was referred to the undersigned "to determine the legality of the proposed settlement under *Lynn's Food*." Doc. No. 43. Upon consideration, however, the undersigned denied that motion without prejudice for several reasons, including: (1) failure to adequately address the compromise of Plaintiff's wage claims and the allocation of the settlement amounts; (2) failure to

include a certification regarding attorney's fees as set forth in *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), or provide analysis on the reasonableness of the fees to be paid; (3) failure to explain the propriety of the broad general release clause of the parties' agreement; and (4) failure to explain several problematic provisions in the agreement, including confidentiality, non-disparagement, and no-reemployment provisions and a modification clause.  Doc. No. 44.

Now before the Court is the parties' timely filed renewed motion, which has been referred to the undersigned.  Doc. No. 45.  With the motion, the parties submit a revised Settlement, Mutual Release and Confidentiality Agreement (hereinafter, "Agreement").  Doc. Nos. 45-1, 45-2.  The parties again ask that the Court approve their settlement in accordance with *Lynn's Food*, and to dismiss the case with prejudice.  Doc. No. 45.  Upon consideration, and for the reasons discussed below, the undersigned will recommend that the motion be granted.

## II. APPLICABLE LAW.

In *Lynn's Food*, the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."  679 F.2d at 1353.  A court may only enter an order approving a settlement if it finds that the

settlement "is a fair and reasonable resolution of a bona fide dispute," of the plaintiff's FLSA claims.  *Id.* at 1353–55.   In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The stage of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute.   *Lynn's Food*, 679 F.2d at 1354.   There is a strong presumption in favor of settlement.   *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1]

When a settlement agreement includes an amount for attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.   *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[2] The parties may demonstrate the reasonableness of the attorneys' fees by either: (1) demonstrating the reasonableness of the proposed attorney's fees using the lodestar method; or (2) representing that the parties agreed to plaintiff's attorney's fees separately and without regard to the amount paid to settle the plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

## III. ANALYSIS.

### A. *Whether Plaintiff Has Compromised His FLSA Overtime Claims.*[3]

Under the Agreement, Defendants have agreed to pay Plaintiff a total sum of $7,500.00, to include: (1) $1,000.00 in unpaid wages; (2) $1,000.00 in liquidated damages; (3) $614.00 for a limited release of all wage and related retaliation claims; (4) $3,000.00 in attorney's fees; and (5) $1,886.00 in costs. Doc. No. 45-1 ¶ 1. In

---

[2] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36–2.

[3] The undersigned notes that the parties resolved all claims in this case, both for FLSA overtime wages and FLSA retaliation, by the Agreement. Doc. Nos. 45, 45-1. FLSA retaliation claims are not subject to *Lynn's Food* review, and thus, the undersigned addresses the reasonableness of the proposed settlement amounts with regard to only Plaintiff's overtime claims. *See, e.g.*, *Sepulveda v. Volusia Pediatrics, LLC*, No. 6:22-cv-1661-WWB-DCI, 2024 WL 3342142, at *2 (M.D. Fla. May 21, 2024*), report and recommendation adopted*, 2024 WL 3342203 (M.D. Fla. June 7, 2024) ("*Lynn's Food* does not apply to FLSA retaliation claims. A settlement of FLSA retaliation claims does not require court approval, so long as the settlement does not contaminate the settlement of any FLSA back wage claim." (citations omitted)). But because the release in the Agreement implicates the retaliation claim, that claim is briefly addressed below.

answers to the Court's Interrogatories filed earlier in this case, Plaintiff estimated that he was owed $13,717.50 in unpaid overtime wages and an equal amount in liquidated damages, plus fees and costs.   Doc. No. 24.

Therefore, because Plaintiff will receive less under the parties' settlement than the amount that he initially claimed was owed in overtime, Plaintiff has compromised his FLSA unpaid wage claims within the meaning of *Lynn's Food*. *See Bonetti*, 715 F. Supp. 2d at 1226 ("Broadly construed, a compromise would entail any settlement where the plaintiff receives less than his initial demand.").

    *B.*    *Reasonableness of the Settlement Amount.*

Because Plaintiff has compromised his FLSA overtime claims, the Court must, under *Lynn's Food*, evaluate whether the settlement amount that he agreed to accept is reasonable.   In the joint motion, the parties explain that Plaintiff agreed to compromise his wage claims based on the defenses raised by Defendants, including that Plaintiff's damages were limited/barred by the statute of limitations; Plaintiff's damages for 2019 were barred because there was no FLSA individual or enterprise coverage for that year; and Plaintiff could not recover for time he did not report to Defendants.   Doc. No. 45, at 3–4.   Defendants had also served an offer of judgment early in the case, which Plaintiff took into consideration in agreeing to the compromise.   *Id.* at 5.   Plaintiff and Defendants, through their respective counsel, discussed the alleged overtime hours and pay rate, calculation of damages, and

formulated their own proposed settlement figures; the parties then engaged in detailed settlement discussions, based upon their independent calculations. *Id.* And given the inherent risks and uncertainties of litigation, the parties believe that they have negotiated a fair, reasonable, and complete settlement of Plaintiff's claims. *Id.* at 1. The parties also agree that there was no undue influence, overreaching, collusion, or intimidation in reaching the settlement. *Id.* at 7.

Because these representations adequately explain the reasons for the compromise of Plaintiff's overtime claims, the undersigned respectfully recommends that the Court find the amount of the compromise reasonable. *See Bonetti*, 715 F. Supp. 2d at 1227 ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

C. *Attorney's Fees and Costs.*

Given that Plaintiff has compromised his FLSA claims, the Court must next consider whether the payment to Plaintiff's counsel is reasonable to ensure that the attorney's fees and costs to be paid did not improperly influence the amount that Plaintiff agreed to accept in settlement. *See Silva*, 307 F. App'x at 351.

Pursuant to the Agreement, counsel for Plaintiff will receive a total of $3,000.00 in attorney's fees and $1,886.00 in costs. Doc. No. 45-1 ¶ 1. In the joint motion, the parties represent that "counsel agree and certify that the fees and costs

were agreed upon separately and without regard to the amount paid to Plaintiff." Doc. No. 45, at 7. The parties further state that Plaintiff's counsel is accepting a decreased amount than would be owed under the lodestar in order to resolve this case, and Plaintiff's counsel stipulates that the amount is reasonable. *Id.*

Based on these representations, the undersigned recommends that the Court find that the amount of attorney's fees and costs Plaintiff's counsel will receive is reasonable and does not taint the amount that Plaintiff has agreed to accept for resolution of his FLSA claims. *See Bonetti*, 715 F. Supp. 2d at 1228 (finding that when attorney's fee issue is "addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement").

### D. Other Terms of the Parties' Agreement.

Upon review of the Agreement, the parties have eliminated most of the problematic provisions previously identified by the undersigned, and the Agreement (despite its title) does not contain a broad general release, a non-disparagement clause, a confidentiality clause, or a modification provision. *Compare* Doc. No. 42, *with* Doc. No. 45-1; *see also* Doc. No. 44. However, two issues warrant discussion.

First, the Agreement now contains a tailored release, as opposed to the mutual general release found in the initial agreement. *Compare* Doc. No. 45-1 ¶ 3,

*with* Doc. No. 42, at 7–8. The release is limited to wage-related and retaliation claims as asserted or could have been asserted in this case, to include those under the FLSA; Florida wage payment laws; Seminole County wage ordinances; Florida common law; and claims for costs and fees based thereon. Doc. No. 45-1 ¶ 3. As explained in the parties' joint motion, because Plaintiff asserted a retaliation claim in this case, Defendants have agreed to pay Plaintiff $614.00 in separate consideration for this release provision. Doc. No. 45, at 6.

Upon consideration, because the release is narrowly tailored to the wage and retaliation claims asserted in the amended complaint, and given the separate amount in settlement Plaintiff will receive for release of the retaliation claim, the undersigned recommends that the Court find the release permissible. *See generally Monahan v. Rehoboth Hosp., Inc.*, No. 6:15-cv-1159-Orl-40KRS, 2015 WL 9258244, at *2 (M.D. Fla. Dec. 18, 2015) (noting that "a release in an FLSA settlement is generally reasonable so long as it is narrowly-tailored to the wage claims asserted in the complaint"); *see also Yost v. Wyndham Vacation Resorts, Inc.*, No. 6:10-cv-1583-Orl-36GJK, 2012 WL 1165598, at *3 (Mar. 26, 2012), *report and recommendation adopted*, 2012 WL 1165468 (M.D. Fla. Apr. 9, 2012) (approving FLSA settlement agreement and finding review of separate settlement agreement resolving state law claim and FLSA retaliation claim unnecessary where there was no suggestion that the settlement of the other claims undermined the parties' agreement). *Cf. Roman v.*

*FSC Clearwater, LLC*, No. 6:16-cv-969-Orl-41DCI, 2017 WL 1653571, at *3 (M.D. Fla. Apr. 21, 2017) (approving a settlement agreement providing $100.00 as separate consideration for a general release), *report and recommendation adopted*, 2017 WL 1552304 (M.D. Fla. May 1, 2017).

Second, however, the Agreement still contains a "no right of future employment or association" provision. Doc. No. 45-1 ¶ 5. In denying the first motion for settlement approval, the undersigned noted that courts have found similar provisions problematic when they go unexplained by the parties. Doc. No. 44, at 4 (citing *Rosario v. Petland Orlando S., Inc.*, No. 6:21-cv-713-RBD-LRH, 2021 WL 3124456, at *5 (M.D. Fla. July 20, 2021), *report and recommendation adopted*, 2021 WL 3183818 (M.D. Fla. July 23, 2021) ("No-rehire provisions are generally disfavored and viewed as punishing the plaintiff for exercising his or her rights under the FLSA. In some cases, such provisions are approved when the inclusion of the provision is inconsequential, or separate consideration is paid for the provision." (citations omitted)). In the joint motion, the parties do not address this provision, provide any legal authority as to its propriety, or state that separate consideration will be paid regarding it. Doc. No. 45.

The Agreement does contain a severability clause, however. Doc. No. 45-1 ¶ 14; *see also id.* ¶ 11. Accordingly, the undersigned will recommend that the Court sever the no re-employment provision (Doc. No. 45-1 ¶ 5) from the Agreement.

*See, e.g.*, *Owens v. SSRMI, LLC*, No. 5:16-cv-15-Oc-PGB-PRL, 2017 WL 2190646, at *4 (M.D. Fla. Apr. 28, 2017), *report and recommendation adopted*, 2017 WL 2172089 (M.D. Fla. May 17, 2017) (severing no reemployment provision where the parties provided no explanation for the provision nor separate consideration).

## IV. RECOMMENDATION.

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that the Court:

1. **GRANT** the Joint Motion for Approval of Settlement and for Dismissal with Prejudice (Doc. No. 45).

2. **APPROVE** the parties' Agreement (Doc. No. 45-1), upon severance of the "no right of future employment or association" provision (Doc. No. 45-1 ¶ 5) pursuant to the severability clause of the Agreement (Doc. No. 45-1 ¶ 14).

3. **DENY** any other pending motions as moot.

4. **DISMISS** this case with prejudice.

5. **DIRECT** the Clerk of Court to close the file.

### NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal

- 11 -

conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on November 12, 2024.

*Leslie Hoffman Price*
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy